UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALONZO J. SEVERSON,<br><br>            Plaintiff,<br><br>    v.<br><br>ELON MUSK, *et al.*,<br><br>            Defendants. | Case No. C25-948-JNW<br><br>ORDER |

Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) In the IFP application, Plaintiff indicates that he has never been employed and has not received any financial assistance in the past twelve months. (*Id.* at 1.) He reports having no cash on hand, no funds in checking or savings accounts, and no monthly expenses. (*Id.* at 2.) He also indicates that he contributes $6,000.00 per month toward supporting dependents, but fails to specify his relationship to these individuals or where that money is from. (*Id.*) Plaintiff left blank the portion of the application requesting information that would help explain why he cannot pay court fees and costs. (*See id.*)

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status,

ORDER - 1

a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff's IFP application omits information necessary for the Court to determine whether he is able to afford court fees. While he reports no income or expenses, his claim of contributing $6,000.00 monthly toward supporting dependents raises questions that cannot be resolved without further clarification. Plaintiff should not be granted permission to proceed IFP until this information is provided.

Accordingly, Plaintiff is ORDERED to show cause by **June 13, 2025**, why the Court should not recommend his IFP application be denied. In the alternative, on or before that date, Plaintiff may file an amended IFP application clarifying the matters noted above. The Clerk is directed to renote Plaintiff's IFP application (dkt. # 1) for **June 13, 2025**, and to send copies of this order to Plaintiff, along with a blank IFP application, and to the Honorable Jamal N. Whitehead.

Dated this 29th day of May, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2