UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALONZO J. SEVERSON,<br><br>               Plaintiff,<br><br>   v.<br><br>ELON MUSK, *et al.*,<br><br>               Defendants. | Case No. C25-948-JNW<br><br>REPORT AND RECOMMENDATION |

Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) In the IFP application, Plaintiff disclosed no income from any source, no money in cash or accounts, no valuable property, and no monthly expenses. (*Id.*) Plaintiff also indicated that an unspecified number of persons are dependent upon him for support, and that he contributes $6,000 toward their support each month. (*Id.*)

On May 29, 2025, the Court issued an Order to Show Cause. (Dkt. # 5.) The Court explained that it could not determine his ability to pay court fees and costs because Plaintiff failed to explain how he was able to pay for his basic living expenses without any income or savings. (*Id.* at 2.) The Court also noted that Plaintiff's claim of contributing $6000 monthly toward supporting his dependents required further clarification. (*Id.*) Plaintiff was ordered to

REPORT AND RECOMMENDATION - 1

show cause by June 13, 2025, later extended to June 27, 2025, why this Court should not recommend that his IFP application be denied or to submit an amended IFP application providing the required information. (*Id.*; *see* dkt. # 9.)

On June 13, 2025, Plaintiff filed a praecipe attaching another IFP application that, again, disclosed no income received from any source, no money in cash or accounts, no valuable property, and no monthly expenses. (Dkt. # 8.) Notably, although Plaintiff previously stated he contributes $6000 on a monthly basis toward dependents, here, Plaintiff indicates that no persons are dependent on him for support. (*Id.* at 2.) Plaintiff provided no additional information to explain why he could not pay court fees and costs. (*Id.*)

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff has failed to correct the deficiencies in his IFP application, as identified in this Court's Order to Show Cause (dkt. # 5) and explained above.[1] After careful consideration of Plaintiff's IFP application, the governing law, and the balance of the record, this Court

---

[1] To the extent Plaintiff fears public disclosure of his private information, the Court directs Plaintiff to Local Court Rule ("LCR") 5(g), which outlines the circumstances and procedures for filing documents under seal. *See* LCR 5(g) (available at https://www.wawd.uscourts.gov/local-rules-and-orders (last accessed June 16, 2025)).

REPORT AND RECOMMENDATION - 2

RECOMMENDS that Plaintiff's IFP application (dkt. # 1) be DENIED and that Plaintiff be directed to pay the filing fee within **thirty (30) days** after entry of the Court's Order adopting this Report and Recommendation. If no filing fee is paid within thirty days of the Court's Order, the Clerk of Court should close the case. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 2, 2025**.

The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to the Honorable Jamal N. Whitehead.

Dated this 17th day of June, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3